Robert R. Parker, Jr.
OSB #216437
111 SW Fifth Avenue
Suite 3150
Portland, OR 97204
504-444-3417
robert@robertparkerlawoffices.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| PRESTON BERMAN,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINE KOTEK, in her official capacity as GOVENOR of the STATE of OREGON, ELLEN ROSENBLUM, in her official capacity as ATTORNEY GENERAL for the STATE of OREGON, DAVE BADEN, in his official capacity as Interim DIRECTOR for the OREGON HEALTH AUTHORITY, ALISON BORT, in her official capacity as EXECUTIVE DIRECTOR, of the OREGON PSYCHIATRIC SECURITY REVIEW BOARD, DOLORES MATTEUCCI, in her official capacity as SUPERINTENDENT of OREGON STATE HOSPITAL, STEVE GUNNELS, in his official capacity as the DISTRICT ATTORNEY for DESCHUTES COUNTY, OREGON,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT for DECLARATORY & INJUNCTIVE RELIEF, VIOLATIONS OF 42 U.S.C. § 1983** |

**JURISDICTION:**

1. Plaintiff brings this action under 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the United States Constitution. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States.

**VENUE:**

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because defendant Kotek maintains official offices in Marion County, Oregon, and all defendants reside within the state of Oregon; and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division.

**PARTIES:**

3. Plaintiff, Preston Berman, is a resident of the State of Oregon. He has lived in Oregon since 2010 when he was sentenced to 20 years under the jurisdiction of the PSRB for the crimes of Arson 1, Burglary 2, and 18 counts of Reckless Burning.

4. Defendant Christine "Tina" Kotek is sued in her official capacity as Governor of the State of Oregon.

   She is vested with the chief executive power of the State and has the duty to see that the State's laws, including laws related to mental health and criminal justice, are faithfully executed consistent with the provisions of Article V, Section 10 of the Oregon Constitution.

5. Governor Kotek has the authority to direct the attorney general to prosecute or investigate violations of law consistent with the provisions of Or. Rev. Stat. §

180.0070. Governor Kotek and her subordinates also bear the authority and responsibility for the formulation and administration of the policies of the executive branch.

6. Governor Kotek is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

7. Defendant Ellen Rosenblum is sued in her official capacity as Oregon's Attorney General. As the chief law enforcement officer of the state of Oregon, one of her duties is to enforce the laws of Oregon. Or. Rev. Stat. §§ 180.060 and 180.210.

8. Defendant Rosenblum also has full charge and control of all the legal business of all departments, commissions and bureaus of the State," including advising these departments, commissions, and bureaus of their obligations under the United States Constitution. Or. Rev. Stat. § 180.220(1)(b).

9. Ms. Rosenblum is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

10. Defendant David Baden is sued in his official capacity as the Interim Director of the Oregon Health Authority. As the interim chief executive officer of the Oregon Health Authority, one of his duties is to enforce and oversee the health regulations and policies within the state of Oregon, in accordance with the relevant statutes and provisions.

11. Additionally, he also has full charge and control of all the healthcare-related business of all departments, commissions, and bureaus of the State, including advising these departments, commissions, and bureaus of their obligations under the United States Constitution and Oregon law.

12. Mr. Baden is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

13. Defendant Alison Bort is sued in her official capacity as the Executive Director of the Oregon Psychiatric Security Review Board. As the chief administrative officer of the board, one of her duties is to oversee the management and operations of the psychiatric security review process in accordance with Or. Rev. Stat. §§161.385 et seq relevant to the board's functions.

14.This defendant also has full charge and control of all the administrative and procedural aspects of the board, including advising the board members, staff, and related agencies of their obligations under the United States Constitution and Oregon state laws and regulations consistent with Or. Rev. Stat. § 161.385.

15.Ms. Bort is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

16. Defendant Dolores "Dolly" Matteucci is sued in her official capacity as the superintendent of Oregon State Hospital. As the chief administrative officer of the Oregon State Hospital, one of her duties is to enforce and oversee the mental health regulations, policies, and care standards within the hospital, in accordance with the relevant statutes and provisions of Oregon law.

17. This defendant also has full charge and control of all the mental healthcare-related business of the hospital, including advising the hospital's departments, staff, and related entities of their obligations under the United States Constitution and Oregon law.

18. Ms. Matteucci is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

19. Defendant Steve Gunnels is being sued in his official capacity as the District Attorney for Deschutes County. As District Attorney, Mr. Gunnels has the primary authority and responsibility for initiating and conducting criminal prosecutions within his jurisdiction.

20. Mr. Gunnels is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

21. All defendants can be served with the Summons and Complaint in this matter by effectuating service upon Oregon's Attorney General consistent with the provisions of ORS .

## INTRODUCTION

22. In Oregon, if a person is convicted of a felony but is determined by the courts to be Guilty Except for Insanity (GEI), they are typically placed under the jurisdiction of the Psychiatric Security Review Board (PSRB).

23. As of July 1, 2018, with the enactment of Senate Bill 65, anyone found GEI is placed under the PSRB's control for the full length of their term, regardless of the specific offense committed. The individual is placed under the Board's jurisdiction for the maximum sentence they could have faced if found guilty of the crime, without consideration of sentencing guidelines.

24. This approach to the maximum sentence violates the United States Constitution in several ways as will noted herein.

25. Plaintiff brings this action to challenge the constitutionality of Or. Rev. Stat. § 161.325 and ORS § 161.327.

26.Assigning defendants, the maximum sentence solely on the basis of mental illness infringes on the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

27. This practice can be seen as discrimination against a semi-suspect group, specifically individuals with mental illnesses, in Oregon. Additionally, it constitutes a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

28.The present approach also appears to be in conflict with the Cruel and Unusual Punishment Clause of the Eighth Amendment and infringes on the Sixth Amendment's Right to Effective Assistance of Counsel as set forth in the United States Constitution.

29. In Oregon, individuals found guilty except for insanity (GEI) in criminal cases should be subject to the same length of sentence as those who are convicted without a GEI finding. The Oregon sentencing guidelines grid should be applicable to cases involving GEI.

30. Plaintiff was placed under the jurisdiction of the psychiatric security review board for 20 years, whereas had he not asserted the insanity defense, he would have been facing a prison sentence of just 3 years.

31. Plaintiff, Mr. Berman exhausted the Oregon State Hospital Grievance Process as seen in Exhibit A.

**FIRST CLAIM FOR RELIEF (42 U.S.C. §1983)**

Plaintiff incorporates herein by reference paragraphs. 1-31, as if set forth herein verbatim and further complains of the Defendants, each and all of them, as follows:

32. Plaintiff states this cause of action against defendants in their official capacity for purposes of seeking declaratory and injunctive relief.

33. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that 'No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

34. Oregon's policy, complained of herein appears to violate the Equal Protection Clause.

35. The policy discriminates against mentally ill individuals by treating them differently from non-mentally ill individuals when they are similarly situated as defendants in a criminal case.

36. The policy's objectives, even if intended to protect public safety or facilitate treatment, must be achieved through less discriminatory means that do not unduly burden a vulnerable and marginalized group such as mentally ill individuals.

37. Plaintiff is entitled to a declaration that Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Equal Protection Clause and is therefore unconstitutional.

38. Plaintiff is entitled to a permanent injunction enjoining Defendants from enforcing Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327, known as the maximum sentencing requirement as it relates to his particular factual situation.

39. Plaintiff is entitled to a permanent injunction enjoining Defendants from sentencing GEI (Guilty Except for Insanity) differently from non-GEI criminal defendants who are convicted of the same or similar offenses.

40. Plaintiff is entitled to a permanent injunction enjoining Defendants to retroactively correct the unconstitutional sentences impermissibly meted to him in violation of the provisions of law set forth herein.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF 42 U.S.C. §1983**

Plaintiff incorporates herein by reference paragraphs. 1-40, as if set forth herein verbatim and further complains of the Defendants, each and all of them, as follows:

41. Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Due Process Clause of the Fourteenth Amendment.

42. Plaintiff states this cause of action against Defendants in their official capacity for purposes of seeking declaratory and injunctive relief.

43. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides in pertinent part, that 'nor shall any State deprive any person of life, liberty, or property, without due process of law.' U.S. Const. amend. XIV, § 1.

44. The present policy being imposed on Plaintiff by Oregon officials arguably fails to meet the principles of fairness and justice, thereby violating the Due Process Clause.

45. By imposing automatic maximum sentences on mentally ill individuals, the policy introduces an element of arbitrariness and disproportionate severity.

46. The right to appeal, while important, does not adequately address these initial due process concerns at the trial level.

47. Plaintiff is entitled to a declaration that Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and is therefore, unconstitutional.

48. Plaintiff is entitled to a permanent injunction enjoining Defendants from enforcing Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327, the maximum sentencing requirement.

49. Plaintiff is entitled to a permanent injunction enjoining Defendants to sentence GEI (Guilty Except for Insanity) the same as non-GEI criminal defendants.

50. Plaintiff is entitled to a permanent injunction enjoining Defendants to retroactively correct the unconstitutional sentences impermissibly imposed upon him.

**THIRD CLAIM FOR RELIEF (42 U.S.C. §1983)**

Plaintiff incorporates herein by reference paragraphs. 1-50, as if set forth herein verbatim and further complains of the Defendants, each and all of them, as follows:

51.Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Cruel and Unusual Punishment Clause of the Eighth Amendment.

51. The Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution provides that 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' U.S. Const. amend. VIII.

52. While it may be argued that this policy is not punitive but protective, the lived experiences of those affected by it tell a different story. Consider, for example, a situation in which a defendant has already spent a significant portion of their sentence, say seven out of twenty years, in a state hospital, such as the Oregon State Hospital.

53. This reality brings into sharp focus the quality and nature of the 'treatment' under this policy. Extended periods of confinement, even under the auspices of treatment, can very much resemble punishment, and thus may violate the Cruel and Unusual Punishment Clause.

54. The situation is aptly described in **'Martyr v. Mazur-Hart**, 789 F. Supp. 1081 (D. Or. 1992)', where it was stated that 'Martyr's confinement in the Oregon State Hospital is analogous to the confinement of a felon in a prison.

55. The Oregon State Hospital, with respect to Martyr, has the same security goals as a prison.' This legal perspective further emphasizes the blurred lines between treatment and punishment in such cases.

56. Plaintiff is entitled to a declaration that Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Cruel and Unusual Punishment Clause and is therefore unconstitutional.

57. Plaintiff is entitled to a permanent injunction enjoining Defendants from enforcing Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 maximum sentencing requirement.

58. Plaintiff is entitled to a permanent injunction enjoining Defendants to sentence GEI (Guilty Except for Insanity) the same as non-GEI criminal defendants.

59. Plaintiff is entitled to a permanent injunction enjoining Defendants to retroactively correct the unconstitutional sentences.

**FOURTH CLAIM FOR RELIEF (42 U.S.C. §1983)**

Plaintiff incorporates herein by reference paragraphs. 1-59, as if set forth herein verbatim and further complains of the Defendants, each and all of them, as follows:

60. Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Sixth Amendment Right to Effective Assistance of Counsel.

61. The Right to Effective Assistance of Counsel under the Sixth Amendment to the U.S. Constitution guarantees that 'In all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defense.' U.S. Const. amend. VI.

62. The policy at hand potentially infringes upon the defendant's right to effective assistance of counsel. Although an attorney can argue for mitigating circumstances, the policy's provision for automatic maximum sentences may limit the effectiveness of these arguments.

63. Furthermore, it may undermine the attorney's capacity to negotiate plea deals or advocate for their client during the sentencing phase, therefore potentially prejudicing the outcome of the case.

64. Plaintiff is entitled to a declaration that Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 as it violates the Sixth Amendment Right to Effective Assistance of Counsel and is therefore unconstitutional.

65. Plaintiff is entitled to a permanent injunction enjoining Defendants from enforcing Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 maximum sentencing requirement.

66. Plaintiff is entitled to a permanent injunction enjoining Defendants to sentence GEI (Guilty Except for Insanity) the same as non-GEI criminal defendants.

67. Plaintiff is entitled to a permanent injunction enjoining Defendants to retroactively correct the unconstitutional sentences

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully pray for judgment as follows:

1. On the Plaintiff's First and Second Claims for Relief, as well as the Third and Fourth Claims for Relief, as follows:

a. For declaratory and injunctive relief as follows:

i. A declaration that Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. Amend. XIV, §

ii. A declaration that Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. Amend. XIV, § 1.

iii. A declaration that Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Cruel and Unusual Punishment Clause of the Eighth Amendment of the U.S. Constitution. Amend. VIII.

iv. A declaration that Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 violates the Sixth Amendment Right to Effective Assistance of Counsel of the U.S. Constitution. Amend. VI.

v. An order enjoining Defendants to sentence GEI (Guilty Except for Insanity) criminal defendants the same as non-GEI criminal defendants.

vi. An order enjoining Defendants to retroactively correct the unconstitutional sentences.

2. Attorney fees and costs for prosecution of this action; and

3. All such further relief as the Court may deem equitable and proper

Dated this ___ day of October 2023

Respectfully submitted,
**LAW OFFICE OF ROBERT R PARKER, JR., LLB, LLC**

**By: /s/ Robert R Parker, Jr.**

Robert R. Parker, Jr., LLB
OSB #216437
Attorney for Plaintiff

111 SW Fifth Avenue
Suite 3150
Portland, Oregon 97204
503-444-3417
robert@robertparkerlawoffices.com

EXHIBIT

"A"

EXHIBIT A

OSH Policy 7.006: Attachment A




**Patient Grievance**




**Place completed form in the grievance box**

Use one form for each grievance.

To help staff investigate, include as much detail as possible about your concern.

| For Staff use only | |
|---|---|
| Date Received: | 8/11/23 |
| Grievance #: | 2023 - 109 |

Patient Name: Preston Berman

nit: Leaf 1

Describe your grievance:

Or. Rev. Stat. § 161.325 and Or. Rev. Stat. § 161.327 are unconstitutional. Assigning defendants the maximum sentence solely on the basis of mental illness infringes on the Equal Protection Clause of the Fourteenth Amendment. This practice can be seen as discrimination against a semi-suspect group, specifically individuals with mental illnesses, in Oregon. Additionally, it constitutes a violation of the Due Process Clause of the Fourteenth Amendment. The approach also conflicts with the Cruel and Unusual Punishment Clause of the Eighth Amendment and infringes on the Sixth Amendment's Right to Effective Assistance of Counsel.

What have you done so far to address your grievance?

Filed Habeas Corpus

What is your desired outcome?

Resentence GEI Patients to the Oregon Sentencing Guidelines

I would like to discuss my grievance with a Grievance Committee member ☑Yes ☐No

Patient Signature: [signature] Date: 8-11-21

Printed name of staff or representative who helped fill out this form: ____________________

ddition to the OSH grievance process, complaints can be filed with the state agency that has licensure survey responsibility over OSH. See Patient Rights Board for information.

EXHIBIT A

OSH Policy 7.006: Attachment B




## Determination of an Ineligible Issue




***All sections must be completed.**

Patient Name: Preston Berman Grievance #: 2023-109

Unit: LF1 Date: 8/11/23

Grievance Committee member who completed this form: Emily Thomas

Ineligible grievances are those that the grievance process is not able to address or change. Ineligible grievances are not subject to appeal. For more information about the grievance process and ineligible issues, please see the poster near the grievance box titled, "Patient Grievances". This document serves as your grievance response.

**After review, your grievance is ineligible for the grievance process because it concerns:**

- ☑ An issue involving state or federal laws, which OSH does not have the authority to change;
- ☐ An issue involving a court order or action or decision by another state or federal agency, which OSH does not have the authority to change;
- ☐ An administrative or other court order concerning medications, including Informed Consent for medication or a Sell Order;
- ☐ Other actions or decisions by other agencies or a court, including, but not limited to, commitment or discharge;
- ☐ Grieving on behalf of another patient. Each patient must submit their own grievance.
- ☐ Disagreements about a treating practitioner's medical diagnosis.
- ☐ Issues already addressed by the grievance process which has resulted in a written response, and nothing has occurred that changes the previous response. See grievance number(s): ____________
- ☐ Statements that do not allege a grievance.

Notes:

Patient Signature [signature] ☐Declined to sign

EXHIBIT A

***Your concern is still important.*** Below is a list of resources that may help you address your concern. You are also encouraged to talk to your IDT about any problem or concern. Your staff are knowledgeable and want to help you. It is likely that they have helped other people with similar situations.

**For concerns about legal issues, your legal status or discharge you can:**

- Access the OSH Law Library to:
  - Do legal research and get assistance in completing legal forms;
  - Get clarification of legal issues and procedures using law library computers or by consulting with law library staff/attorney.
  - Get training in drafting pleadings; or
  - Schedule an appointment with Harris Matarazzo, attorney assisting the law library, by calling 503-588-3114 or 503-226-0306. *Note: Mr. Matarazzo cannot help patients with current charges or cases.*
- Contact your attorney
- Contact the Psychiatric Security Review Board (PSRB): 503-229-5596
- Contact Disability Rights Oregon (DRO): 503-243-2081

**For concerns about medications**: Talk to your doctor or the nurse manager on your unit.

**For information about the informed consent (medication) process, including your rights**: Contact OSH Informed Consent at 971-719-6758.

**For concerns about a peer/another patient:** Talk to a trusted staff person or a Peer Recovery Specialist.

For concerns about actions or decisions by other local, state, or federal agencies you will need to contact those agencies directly.

For questions about the OSH Patient Grievance process contact OSH Ombuds at 503-947-8109 in Salem and 541-465-2785 in Junction City.

EXHIBIT A

## Patient Grievance: Grievance Committee Response

Staff must complete all sections. Patients must be given a written response within 7 calendar days, even if they decline to meet. Exceptions to this timeline are only approved by the OSH Ombuds.

| Patient name: Preston Berman | | |
|---|---|---|
| Unit: LF1 | Date Unit Received: 8/11/23 | Avatar #: 81435 |
| Grievance #(s): 2023-109 | | |

| Screenings | Date Sent | Date of Grievance Review: |
|---|---|---|
| Civil Rights: OSH Ombuds and Family Services | | 8/11/23 |
| Allegation of Abuse: Office of Training, Investigations and Safety (OTIS) | | Patient met ☒ Patient declined to meet ☐ |

The following staff contributed to this response: Tasha Potter, Don Reisner, Emily Thomas

Information and unit response (attach additional pages, if needed)

☒ This issue is ineligible for the grievance process. See attached letter for more information.

| Patient Signature: [signature] ☐ Declined to sign | Completion Date: 8/11/23 Grievance Committee Member 1 (Print): Don Reisner Grievance Committee Member 2 (Print): Emily Thomas |
|---|---|

**Distribute a completed two-sided copy to:**
Patient; Ombuds and Family Services; Representative (if applicable); Program Director