ELLEN F. ROSENBLUM
Attorney General
CRAIG M. JOHNSON  #080902
MICHELLE ENFIELD #152293
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Craig.M.Johnson@doj.state.or.us
         michelle.enfield@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PRESTON BERMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTINE KOTEK, in her official capacity as GOVENOR of the STATE of OREGON; ELLEN ROSENBLUM, in her official capacity as ATTORNEY GENERAL for the STATE of OREGON; DAVE BADEN, in his official capacity as Interim DIRECTOR for the OREGON HEALTH AUTHORITY; ALISON BORT, in her official capacity as EXECUTIVE DIRECTOR, of the OREGON PSYCHIATRIC SECURITY REVIEW BOARD; DOLORES MATTEUCCI, in her official capacity as SUPERINTENDENT of OREGON STATE HOSPITAL; STEVE GUNNELS, in his official capacity as the DISTRICT ATTORNEY for DESCHUTES COUNTY, OREGON,<br><br>        Defendants. | Case No.  6:23-cv-01497-AA<br><br>DEFENDANTS' MOTION TO DISMISS |

Page 1 -   DEFENDANTS' MOTION TO DISMISS
     CMJ/j3b/929123621

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## RULE 12 MOTIONS

In compliance with Local Rule 7-1, the parties made a good faith effort through telephone conferences to resolve the disputes that are the subject of these motions and have been unable to do so.  Christine Kotek, in her capacity as Governor of Oregon, Ellen Rosenblum, in her capacity as Attorney General, Dave Baden, in his capacity as Interim Director for the Oregon Health Authority ("OHA"), Alison Bort, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board ("PSRB"), Dolores Matteucci, in her capacity as Superintendent of the Oregon State Hospital ("OSH"), and Steve Gunnels, in his capacity of the District Attorney for Deschutes County, Oregon (collectively the "State Defendants") respectfully submit the following Fed. R. Civ. P. 12 motions:

1.  Motion to dismiss Claim 1 against the State Defendants pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim: Plaintiff cannot establish that the groups he seeks to compare are "similarly situated" nor can Plaintiff establish that there is not a rational basis to distinguish between individuals convicted of a crime and individuals found guilty except for insanity ("GEI");

2.  Motion to dismiss Claim 2 against the State Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for violation of due process;

3.  Motion to dismiss Claim 3 against the State Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim: Plaintiff cannot establish that involuntary commitment pursuant to ORS 161.325 and ORS 161.327 is "punishment" under either federal or state law and application of the Eight Amendment is foreclosed; and

4.  Motion to dismiss Claim 4 against the State Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim: Plaintiff has not plead and cannot establish that Plaintiff was deprived of counsel as Oregon's GEI statutory scheme expressly provides for and mandates access to counsel.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

These motions are supported by the allegations in the complaint, the following memorandum of points and authorities, and Request for Judicial Notice filed concurrently herewith, and the exhibits thereto.

## I.    INTRODUCTION

In December of 2010, Plaintiff was found GEI of 1 count of Arson in the First Degree, 1 count of Burglary in the Second Degree, and 18 counts of Reckless Burning. Ex. 1 to the Request for Judicial Notice ("RJN"). With regards to the count of Arson in the First Degree, Plaintiff was "[p]laced under the jurisdiction of [the PSRB] for care, custody and treatment not to exceed 20 years;" Plaintiff was also committed by the court to the custody of OSH. Id. The remainder of the counts for which Plaintiff was convicted were merged with the disposition of Arson in the First Degree. Id. Plaintiff had a court appointed attorney during the criminal process. Id. Plaintiff filed a notice of appeal in November of 2011 which was dismissed January of 2012. Id.

Relevant here, when an Oregon court finds a criminal defendant GEI, the defendant is immediately discharged from custody if "[t]he court finds that the person is no longer affected by a qualifying mental disorder, or, if so affected, no longer presents a substantial danger to others and is not in need of care, supervision or treatment." ORS 161.329(1). Individuals who are not discharged by the court are placed under the jurisdiction of the PSRB – either committed to OSH or placed on conditional release. ORS 161.327. The total period of commitment or conditional release is not determinate, but "may not exceed the maximum sentence provided by statute for the crime for which the person was found guilty except for insanity." ORS 161.327(7).

Jurisdiction under the PSRB (either committed to OSH or on conditional release) is not determinate because jurisdiction must be continually justified; an individual placed under the jurisdiction of the PSRB has continuing rights to due process hearings where the PSRB must consider, among other things, whether discharge from commitment is appropriate. ORS 161.346. "If the [PSRB] finds that a person under the jurisdiction of the [PSRB]… [i]s no longer affected by a qualifying mental disorder, or, if so affected, no longer presents a substantial danger to

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

others, the [PSRB] shall order the person discharged from commitment and conditional release."
ORS 161.346(1).

Oregon law mandates that PSRB due process hearings are held as follows: (1) Initially, after a person has been placed under PSRB jurisdiction and committed to OSH, a hearing must be held within 90 days from the date listed in the Court order; (2) A patient can request a hearing for conditional release or discharge six months after the last hearing – this hearing must occur within 60 days of the request; (3) OSH (or for individuals who have been conditionally released from OSH, the outpatient supervisor) can request a hearing at any time – this hearing must occur within 60 days of the request; and (4) mandatory hearings – held at least every two years for persons committed to OSH and at least every five years for persons on conditional release. OAR 859-050-0015, ORS 161.341, ORS 161.336, and ORS 161.327.

## II.    LEGAL STANDARDS

On a motion to dismiss for failure to state a claim, courts presume the truth of allegations in the complaint, and construe them in the light most favorable to the nonmoving party.
Fed. R. Civ. P. 12(b)(6); *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). However, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is plausible on its face only if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In addition, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To assess the adequacy of a complaint, a court may first begin by identifying those pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678 (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Chapman v. Pier 1 Imports*, 631 F.3d 939, 955 n.9 (9th Cir.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

2011)  (explaining that "allegation that the barriers at the Store 'denied him full and equal enjoyment' is precisely the 'formulaic recitation' of the elements of a claim that the Supreme Court has deemed insufficient" and that to "sufficiently allege standing, [a plaintiff] must do more than offer "labels and conclusions" that parrot the language of the ADA).

Further, while generally all factual allegations subject to a motion to dismiss for failure to state a claim are assumed to be true, the Court need not accept facts that are contradicted by information that is judicially noticeable under Fed. R. Evid. 201(b) or by documents whose contents are cited in the complaint but which are not physically attached to the pleading.  Such consideration does not convert the motion to dismiss into a motion for summary judgment. *Tellabs v. Makor*, 551 U.S. 308, 322 (2007); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds* by *Galbraith v. Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III.    ARGUMENT

"[I]n general, as in any constitutional challenge to the validity of a statutory scheme, the [statutory scheme] is presumed constitutional ... and [t]he burden is on the [party] attacking the legislative arrangement to negative every conceivable basis which might support it...." *Heller v. Doe*, 509 U.S. 312, 320 (1993). Here, Plaintiff's Complaint does not overcome the presumption that ORS 161.325 and ORS 161.327 are constitutional.

### A.    Plaintiff cannot establish that the groups compared are similarly situated and there is a rational basis for ORS 161.325 and ORS 161.327 directed at substantial government interests and therefore no violation of the Equal Protection Clause.

Plaintiff's First Claim for Relief asserts that ORS 161.325 and ORS 161.327 discriminate "against mentally ill individuals when they are similarly situated as defendants in a criminal case"… and violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Complaint at 7.

"When conducting an equal protection analysis, we first identify the groups being compared. 'The groups must be comprised of similarly situated persons so that the factor

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

motivating the alleged discrimination can be identified....'" *Taylor v. San Diego County*, 800 F.3d 1164, 1169 (9th Cir. 2015) *citing Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1064 (9th Cir. 2014). Here, the groups being compared are individuals found guilty of a crime and individuals who are mentally ill and have been found GEI. *See* Complaint at 7. As is evident from the discussion below regarding the purpose of Oregon's GEI statutory scheme, these groups are not comprised of similarly situated persons.

Statutes that discriminate on the basis of physical or mental disability are subject to rational basis review. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 366-67 (2001). Thus, "[u]nder… [an]… equal protection challenge to an involuntary commitment statute, the principal focus is… upon the governmental interest at stake. If that interest continues to be substantial, the dictates of equal protection are satisfied even under a heightened scrutiny standard of review." *U.S. v. Sahhar*, 56 F.3d 1026, 1029 (9th Cir. 1995) ("*Sahhar II*"). *Sahhar II* determined that there was a "'substantial interest' in the control and treatment of incompetent, dangerous persons within the federal criminal justice system" and that the validity of an individual's non-punitive commitment cannot be tied to the punitive objectives of the original criminal charge. Id. at 1028 and 1029.

In making its determination, that *Sahhar II* court relied heavily on *Jones v. United States*, 463 U.S. 354, 368-69 (1983) which the *Sahhar II* court discussed at length:

> Our view is supported by the Supreme Court's opinion in *Jones v. United States*, 463 U.S. 354, 368–69, 103 S.Ct. 3043, 3051–52, 77 L.Ed.2d 694 (1983) (holding that an insanity acquittee may be detained indefinitely). In *Jones*, the Supreme Court found that the "petitioner clearly err[ed] in contending that an acquittee's hypothetical maximum sentence provides the constitutional limit for his commitment." Id. at 368, 103 S.Ct. at 3052. In doing so, the Court noted that "[t]here simply is no necessary correlation between severity of the offense and length of time necessary for recovery." Id. at 369, 103 S.Ct. at 3052… As *Jones* makes clear, however, the justification for committing an insanity acquittee is not the fact that he committed a crime: "As he was not convicted, he may not be punished." Id. at 369, 103 S.Ct. at 3052. Rather, "[h]is confinement rests on his continuing illness and dangerousness." Id.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*Sahhar II*, at 1029.

While *Sahhar II* discussed the federal government's substantial interest in "the control and treatment of incompetent, dangerous persons within the federal criminal justice system," the court acknowledged that the states have a greater interest and responsibility. "[T]he states have the principal responsibility for committing dangerous persons: 'Unlike most states, the federal government has chosen not to establish a comprehensive system of civil commitment, reserving to local authorities the principal task of committing dangerous, mentally ill persons." *Sahhar II* at 1029, *quoting United States v. Sahhar*, 917 F.2d 1197 (1990) ("*Sahhar I*").

The Supreme Court has also recognized the states' substantial interest. "The state has a legitimate interest under its parens patriae powers in providing care to its citizens who are unable because of emotional disorders to care for themselves; the state also has authority under its police power to protect the community from the dangerous tendencies of some who are mentally ill." *Addington v. Texas*, 441 U.S. 418, 426 (1979).

Through ORS 161.315 through ORS 161.351, the Oregon legislature has given jurisdiction over individuals found GEI to the PSRB which oversees both individuals committed to OSH and those on conditional release. "The [PSRB] monitors the psychiatric and physical health and treatment of all persons placed under its jurisdiction… The [PSRB] will have as its primary concern the protection of society." OAR 859-030-005. This express purpose lines up with the substantial state interests identified above in *Addington*. And, as in *Jones*, Oregon's justification for subjecting an individual found GEI to PSRB jurisdiction is not the fact that the individual committed a crime – and therefore may not be punished – rather, the justification for PSRB jurisdiction rests on the individual's continuing mental illness and dangerousness. *See* ORS 161.346.

Thus, in Oregon, while an individual found GEI may be under PSRB jurisdiction for an indeterminate period, so long as it does not exceed the maximum sentence provided by statute for the crime for which the person was found guilty except for insanity, and jurisdiction may

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

exceed the punitive sentence normally imposed, it is also true that PSRB jurisdiction may be substantially shorter. In law, and in practice, the term of PSRB jurisdiction is driven by an individual's continuing mental illness and dangerousness.

The substantial government interests which justify PSRB jurisdiction for individuals found GEI are clearly distinct from the interests underlying sentencing of individuals convicted of crimes. Individuals found GEI are not similarly situated to individuals convicted of crimes. Further, case law supports a rational basis for distinction directed at well-established substantial government interests. For these reasons, State Defendants respectfully request that this Court dismiss Plaintiff's First Claim with prejudice.

### B.    Plaintiff fails to allege sufficient facts to support a Due Process Clause violation.

Plaintiff's Second Claim asserts that ORS 161.325 and ORS 161.327 "[fail] to meet the principles of fairness of justice" and that the "[imposition] of automatic maximum sentences on mentally ill individuals… introduces an element of arbitrariness and disproportionate severity." Complaint at 8.

"Establishing a substantive due process violation is difficult." *Lumbreras v. Roberts*, 319 F. Supp. 2d 1191, 1211 (D. Or. 2004).  To state a substantive due process claim, Plaintiff must allege ultimate facts to establish that:  (1) he was deprived of a constitutionally protected liberty or property interest; and (2) that defendants' actions substantively were so "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare" such that the operation of the identified statutes are so egregious, so outrageous, that they may fairly be said to "shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *FDIC v. Henderson*, 940 F.2d 465, 474 (9th Cir. 1991). "There is a 'presumption that the administration of government programs is based on a rational decision-making process that takes account of competing social, political, and economic forces.'" *Lumbreras,* 319 F. Supp. 2d at 1211 (quoting *Collins v. City of Harker Heights*,

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

503 U.S. 115, 128 (1992)).  Substantive due process is not "a guarantee against incorrect or ill-advised" decisions.  *Id.*  It is well settled that negligence is not sufficient to shock the conscience, and that a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power."  *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1222 (10th Cir. 2006).

Further, *Sahhar II* recognized that the Supreme Court held in *Jones* "that an insanity acquittee may be detained indefinitely" so long as the justification for the confinement rests on "continuing illness and dangerousness." *Sahhar II* at 1029, *citing Jones* at 368-69. More recently, the 9th Circuit has approved a state statutory scheme allowing for indefinite commitment where the scheme provided "mechanisms through which [an individual] may terminate his indefinite term of confinement." *Taylor v. San Diego County*, 800 F.3d 1164, 1171-72 (9th Cir. 2015).

Plaintiff's Complaint fails to allege non-conclusory facts that the operation of ORS 161.325 and ORS 161.327 are "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare" such that the operation of the identified statutes are so egregious, so outrageous, that they may fairly be said to "shock the contemporary conscience." The Complaint contains no meaningful allegations suggesting that Plaintiff has identified (and then took issue with) the variety of protective mechanisms available to Plaintiff under Oregon law and rule[1] which would allow him to challenge or terminate the indefinite period of PSRB supervision he suggests may be unconstitutional.

Further, State Defendants assert that it is evident from the legal analysis above that ORS 161.325 and ORS 161.327 are neither arbitrary nor unreasonable. In the context of the statutory scheme and rules governing individuals found GEI, PSRB oversight is specifically tailored to address substantial government interests to public health, safety and the general welfare of Oregon while allowing for the termination of indefinite commitment once those interests are no

---

[1] *See* supra.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

longer implicated. Not only does such a statutory scheme not "shock the contemporary conscience" it is well within the boundaries of the federal case law discussed above.

Because Plaintiff's Second Claim fails to make non-conclusory allegations and because Plaintiff otherwise fails to state a claim for relief, State Defendants respectfully request that the Second Claim be dismissed with prejudice.

> C.    **The Eighth Amendment does not apply as Oregon's GEI statutory scheme does not constitute punishment.**

Plaintiff's Third Claim appears to assert that ORS 161.325 and ORS 161.327 "[a]ssigning defendants, the maximum sentence solely on the basis of mental illness… appears to be in conflict with the Cruel and Unusual Punishment Clause of the Eighth Amendment." Complaint at 6; *see also* Complaint at 9-10.

Application of the Eighth Amendment here is inappropriate as, under Oregon law, an individual found GEI is not convicted, is not sentenced, and placement under PSRB jurisdiction is not punishment. The framework of Oregon's GEI scheme "is a separate, unified and exclusive scheme distinct from the sentencing statues and rules applicable to criminally responsible defendants. Unlike criminal sentencing, its focus is on considerations of care, treatment, supervision and public safety but not on punishment." *State v. Gile*, 161 Or. App. 146, 152 (1999), *citing* ORS 161.327. Under this scheme, "a trial court may not imprison a person found guilty except for insanity. Instead, the court must follow the dispositional alternatives contained in ORS 161.325 to ORS 161.351. Id., *citing State v. Olmstead*, 310 Or. 455, 463 (1990). The court in *Gile* stated further:

> [T]he statutory framework uses the word "conviction" only once and then in a context suggesting that the dispositional judgement is not a criminal judgement imposing a sentence. ORS 161.325(2)(a) provides that the court's dispositional order shall "[d]etermine on the record the offense of which the person *otherwise would have been convicted*."

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Id., *emphasis provided by court*; *see also State v. Saunders*, 165 Or. App. 357, 360-61 (2004) ("[I]n the absence of being convicted, one cannot have a conviction…ORS 161.325 provides the contextual clue that when a defendant is guilty except for insanity, there is no conviction.")

Oregon's determination that its own GEI statutory scheme is not punitive is consistent with federal law. *See Jones* at 369 ("As he was not convicted, he may not be punished.") Further support for the Supreme Court arises in a Double Jeopardy Clause analysis of an individual committed to the Kansas Department of Health and Social Rehabilitative Services:

> Although the civil commitment scheme at issue here does involve an affirmative restraint, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987). The State may take measures to restrict the freedom of the dangerously mentally ill. This is a legitimate nonpunitive governmental objective and has been historically so regarded. Cf. id., at 747, 107 S.Ct., at 2101–2102. The Court has, in fact, cited the confinement of "mentally unstable individuals who present a danger to the public" as one classic example of nonpunitive detention. Id., at 748–749, 107 S.Ct., at 2102–2103. If detention for the purpose of protecting the community from harm necessarily constituted punishment, then all involuntary civil commitments would have to be considered punishment. But we have never so held.

> Hendricks focuses on his confinement's potentially indefinite duration as evidence of the State's punitive intent. That focus, however, is misplaced. Far from any punitive objective, the confinement's duration is instead linked to the stated purposes of the commitment, namely, to hold the person until his mental abnormality no longer causes him to be a threat to others. Cf. *Jones*, 463 U.S., at 368, 103 S.Ct., at 3051–3052 (noting with approval that "because it is impossible to predict how long it will take for any given individual to recover [from insanity] or indeed whether he will ever recover—Congress has chosen ... to leave the length of commitment indeterminate, subject to periodic review of the patients' suitability for release").

***

Where the State has "disavowed any punitive intent"; limited confinement to a small segment of particularly dangerous individuals; provided strict procedural

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

> safeguards; directed that confined persons be segregated from the general prison population and afforded the same status as others who have been civilly committed; recommended treatment if such is possible; and permitted immediate release upon a showing that the individual is no longer dangerous or mentally impaired, we cannot say that it acted with punitive intent. We therefore hold that the Act does not establish criminal proceedings and that involuntary confinement pursuant to the Act is not punitive. Our conclusion that the Act is nonpunitive thus removes an essential prerequisite for both Hendricks' double jeopardy and ex post facto claims.

*Kansas v. Hendricks*, 521 U.S. 346, 363-64 and 368 (1997).

Under this analytical framework, commitment of an individual found GEI to the jurisdiction of the PSRB is not punitive and commitment to OSH or supervised conditional release is not punishment. In these circumstances it is the Due Process Clause of the Fourteenth Amendment and *not* the Eighth Amendment that provides potential remedies. *See Youngberg v. Romeo*, 457 U.S. 307 (1982) (the Supreme Court determined that the rights of an involuntarily confined individual must be anlayzed under the Due Process Clause rather than the Eighth Amendment); *see also Young v. King County*, 70 Fed. Appx. 939 at 941 (9th Cir. 2003)[2].

For these reasons, State Defendants assert that the Eighth Amendment does not apply to Plaintiff's situation and a request for relief thereunder is foreclosed. State Defendants respectfully request that this Court dismiss Plaintiff's Third Claim for Relief with prejudice.

### D.    Plaintiff fails to allege that Oregon's GEI statutes constitute government interference with the right to counsel and the right to counsel is expressly provided throughout Oregon's statutory scheme.

Plaintiff's Fourth Claim asserts that ORS 161.325 and ORS 161.327 "infringe[ ] upon the [Plaintiff's] right to effective assistance of counsel" as while "an attorney can argue for mitigating circumstances, the [statutes] provision for automatic maximum sentences may limit the effectiveness of these arguments [and further]… may undermine the attorney's capacity to

---

[2] State Defendants acknowledge that this unpublished disposition is not precedent, but offer it as persuasive authority under 9th Cir. R. 36-3.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

negotiate plea deals or advocate for their client during the sentencing phase… potentially prejudicing the outcome of the case." Complaint at 11.

Plaintiff's allegations are inadequate and contrary to law. First, as discussed supra, an individual found GEI is not convicted and "sentenced" but rather is placed under the jurisdiction of the PSRB[3] and, while the length of jurisdiction "may not exceed the maximum sentence[4]", the total length of PSRB jurisdiction is by no means guaranteed or automatic[5].

Second, Plaintiff reads the Sixth Amendment too broadly, as the Supreme Court noted:

> Of course, the Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade. At the same time, even when no theory of defense is available, if the decision to stand trial has been made, counsel must hold the prosecution to its heavy burden of proof beyond reasonable doubt. And, of course, even when there is a bona fide defense, counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances.

*U.S. v. Chronic*, 466 U.S. 648, 656 n. 19 (1984) (*citations omitted*). Further, "'[g]overnment violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct a defense.'" *U.S. v. Stargell*, 738F.3d 1018, 1024-25 (9th Cir. 2013) *quoting Perry v. Leeke*, 488 U.S. 272, 729-80 (1989). However, ORS 161.325 and ORS 161.327 do not operate (and Plaintiff does not allege them to operate) as actual or constructive governmental denials of counsel or the kind government interference discussed in *Perry*. *See Perry* at 279-80, *quoting Strickland v. Washington*, 466 U.S. 668 (1984).

In fact, Oregon expressly provides for a right to counsel throughout the GEI statutory scheme. ORS 161.327(8) (expressly mandating counsel and, if eligible, court appointed counsel,

---

[3] See ORS 161.327.

[4] ORS 161.327(7).

[5] See ORS 161.341 and ORS 161.346.

Page 13 -  DEFENDANTS' MOTION TO DISMISS
CMJ/j3b/929123621

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

to represent a person found GEI to appeal a court's order under ORS 161.327); ORS 161.346(6)(d) (expressly mandating counsel and, if eligible, court appointed counsel, to represent a person at PSRB hearings); and ORS 161.348(1) (expressly mandating counsel and, if eligible, court appointed counsel, to represent a person in the Oregon Court of Appeals on judicial review of a PSRB order).

There is no provision of the Sixth Amendment or its interpretation under federal law which suggests that a deprivation to the right to counsel occurs merely because counsel's legal arguments or position in negotiation may be constrained or limited by the operation of the applicable law. Plaintiff does not allege government interference with the right to counsel but instead suggests a Sixth Amendment violation merely because he disagrees with the requirements of the law. Contrary to Plaintiff's allegations Oregon's GEI statutory scheme expressly mandate right to counsel.

For these reasons, State Defendants respectfully request that Plaintiff's Fourt Claim for Relief be dismissed with prejudice.

## IV.    CONCLUSION

Plaintiff's Complaint does not overcome the presumption that ORS 161.325 and ORS 161.327 are constitutional. Consistent with federal law, Oregon's GEI statutes are directed at substantial government interests and there is a rational basis for the distinction between individuals found GEI and individuals convicted of crimes – groups comprised of individuals which are not similarly situated. Plaintiff has failed to allege facts sufficient to articulate a due process violation and Oregon's GEI statutory scheme is consistent with the due process requirements of federal law. Consistent with federal law, Plaintiff cannot assert an Eighth Amendment claim where Oregon and federal law make clear that Plaintiff has not been convicted and PSRB jurisdiction is not punishment. Finally, Plaintiff has not alleged government interference with the right to counsel and instead complains that he disagrees with the requirements of applicable law.

Page 14 -  DEFENDANTS' MOTION TO DISMISS

For all of these reasons, State Defendants respectfully request that this Complaint be dismissed with prejudice.

DATED January  16, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


*s/ Craig M. Johnson*
CRAIG M. JOHNSON #080902
MICHELLE ENFIELD #152293
Senior Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Craig.M.Johnson@doj.state.or.us
michelle.enfield@doj.state.or.us
Of Attorneys for Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**CERTIFICATE OF SERVICE**

I certify that on January  16, 2024, I served the foregoing DEFENDANTS' MOTION TO

DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

Robert R. Parker                                   ___ HAND DELIVERY
111 SW 5th Avenue, Suite 3150                      ___ MAIL DELIVERY
Portland, OR 97204                                 ___ OVERNIGHT MAIL
    *Attorney for Plaintiff*                     ___ TELECOPY (FAX)
                                                   ___ E-MAIL
                                                    X  E-SERVE

    *s/ Craig M. Johnson*
CRAIG M. JOHNSON #080902
MICHELLE ENFIELD #152293
Senior Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Craig.M.Johnson@doj.state.or.us
michelle.enfield@doj.state.or.us
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
CMJ/j3b/929107659

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791